**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF: | No. CV 07-191-PHX-SMM |
| TFS Electronic Manufacturing Services, Inc., | BK-05-15403-PHX-RTV |
| Debtor. | ADV. No. 06-307 |
| | ORDER |
| Avocent Corporation, | |
| Claimant and Counter-Defendant, | |
| vs. | |
| TFS Electronic Manufacturing Services, Inc., | |
| Respondent and Counter-Plaintiff. | |

Pending before the Court is Debtor/Respondent/Counter-Plaintiff TFS Electronic Manufacturing Services, Inc.'s ("TFS") Motion pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011 to withdraw the reference of Adversary No. 06-307, which involves a dispute between TFS and Claimant and Counter-Defendant Avocent Corporation ("Avocent"), to the Bankruptcy Court and consolidate this case with a related action, CV-06-1586-PHX-SMM. (Dkt. 2.) TFS requests that this Court withdraw the reference in its entirety for all purposes or, in the alternative, for the limited purpose of

pretrial discovery and pretrial dispute resolution matters. (Dkt. 2.) TFS also requests that this action be consolidated. (Id.)

**FACTUAL BACKGROUND**

TFS commenced Adversary Proceeding No. 06-307 (the "Adversary Proceeding") by objecting to a proof of claim filed by Avocent in the bankruptcy. (Dkt. 2 at 2.) TFS asserted a counterclaim against Avocent and filed a third-party action against Topsearch Printed Circuits (HK), Ltd. ("Topsearch"). (Id.)

The parties' dispute stems from a contract, entered into by TFS and Avocent, whereby TFS agreed to manufacture Avocent's product, the Blackhawk Assembly (the "Contract"). The Blackhawk contained a printed circuit board (the "PCB"), which Avocent designed. TFS ordered the PCBs from Topsearch, a PCB manufacturer. After thousands of Blackhawks were shipped worldwide, Avocent halted production by TFS after three Blackhawks failed during pre-shipment testing. Avocent subsequently required a total recall of all products. TFS claims to have suffered significant damages as a result of, *inter alia*, the production halt and recall. (Dkt. 2.) TFS sued Avocent, alleging that its design was defective, and Topsearch, alleging that its manufacture of the PCBs was defective.

After it was sued, Topsearch demanded a jury trial and moved to withdraw the reference as to the claims against it alone. TFS stipulated to withdrawal of the reference as to Topsearch alone. On June 29, 2006, this Court entered an Order withdrawing the reference of TFS's claim against Topsearch only. See TFS Electronic Manufacturing Services, Inc. v. Topsearch Printed Circuits (HK) Ltd., CV-06-1586-PHX-SMM ("TFS v. Topsearch"), Dkt. 8.

Currently, TFS's action against Avocent remains in the Bankruptcy Court. There, Avocent requested that the proceeding be dismissed or abated pending dispute resolution proceedings, purportedly required by a provision in the Contract. TFS responded that dispute resolution proceedings had been undertaken. Avocent and TFS agreed to resolve that disagreement by committing to mediation after limited discovery. Accordingly, they asked

1 the Bankruptcy Court to abate the Adversary Proceeding pending such efforts. Topsearch
2 also agreed to proceed with limited discovery and mediation. Pending such action, the
3 Adversary Proceeding has effectively been abated and the Bankruptcy Court has taken no
4 further action in its administration.

5 A preliminary pretrial conference was held in TFS v. Topsearch on January 4, 2007.
6 There, counsel for both parties discussed the nature of the dispute among TFS, Avocent, and
7 Topsearch and the possibility of settlement, including the facilitation of settlement
8 discussions by a mediator or Magistrate Judge. In response to questions from the Court, TFS
9 represented that withdrawal of the reference, which would bring Avocent, Topsearch and
10 TFS into a single proceeding, would provide a mechanism for more efficient discovery and
11 case adminstration, including any dispute resolution efforts.

## DISCUSSION

13 Bankruptcy cases arising in the District of Arizona are referred to the Bankruptcy
14 Court pursuant to the District Court's General Order of Reference 01-15. Title 28, United
15 States Code, § 157 explains the procedure for returning a case to District Court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

24 28 U.S.C. § 157(d). This language contains two distinct provisions: the first sentence allows
25 permissive withdrawal, while the second sentence requires mandatory withdrawal in certain
26 situations. "The burden of demonstrating both mandatory and discretionary withdrawal is
27 on the movant." In re U.S. Airways Group, Inc., 296 B.R. 673, 667 (E.D.Va. 2003).

28

There is no statutory definition of what constitutes "cause shown" under 28 U.S.C. § 157(d). Typically, courts will first consider whether the proceeding is core or non-core, and will thereafter evaluate a number of factors, including whether there has been a jury demand and judicial economy considerations. In re Lars, Inc., 290 B.R. 467, 469 (D.P.R. 2003). However, withdrawal need not be complete. The Court has the option of withdrawing the entire adversary matter, or only certain proceedings. Id. The Ninth Circuit counsels that "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997), citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993).

In this case, TFS appears to be moving for permissive withdrawal of a core proceeding under 28 U.S.C. § 157(d). See Dkt. 2 at 4 (TFS's action against Avocent appears to be a core proceeding because it is a counterclaim in response to Avocent's proof of claim, a proceeding involving liquidation of an asset of the bankruptcy estate, and an adjustment of the debtor-creditor relationship). TFS offers several reasons in favor of withdrawing the reference of its action against Avocent and consolidating it with its case against Topsearch. See id. at 3-6. The Court is primarily concerned with the reason discussed at the preliminary pretrial conference: pretrial proceedings, such as discovery and dispute resolution procedures based on that discovery, will be handled more efficiently if all three parties are before this Court. See Dkt. 2 at 5.

Although Avocent has not filed an opposition to TFS's Motion to withdraw the reference and consolidate, and thus is deemed to consent to the Motion,[1] Topsearch opposes consolidation of the TFS v. Topsearch matter with the instant Adversary Proceeding for all purposes because Topsearch has demanded a trial by jury, whereas Avocent and TFS have

---

[1] See LR Civ 7.2(i).

- 4 -

1  waived their rights to a jury trial. See CV-06-1586, Dkt. 45 at 2. Topsearch agrees with TFS
2  that "there is some judicial efficiency in consolidating these matters for pretrial purposes"
3  alone, but requests that any consolidation order not merge both suits into a single cause of
4  action and not change or enhance the procedural rights the parties asserted prior to
5  consolidation. Id. Topsearch's point is well-taken.

6        This is not the proper time for the Court to decide whether the Adversary Proceeding
7  should be withdrawn and consolidated with the TFS v. Topsearch matter for all purposes.
8  However, the Court concludes that the efficient use of judicial resources, delay, costs to the
9  parties, and the uniformity of bankruptcy administration all favor withdrawing the reference
10 of the instant Adversary Proceeding to the Bankruptcy Court for purposes of conducting
11 discovery that leads to an early dispute resolution procedure. See Security Farms, 124 F.3d
12 at 1008. Moreover, given the overlapping questions of law and fact present in both the TFS
13 v. Topsearch case and the instant case, conducting discovery in separate actions would only
14 ensure the duplication of effort amongst all three parties and needlessly waste judicial
15 resources. Because consolidating this matter and the TFS v. Topsearch case into one suit for
16 the purposes of conducting discovery will benefit the Court and the parties by leading to an
17 early dispute resolution procedure, avoiding duplication of discovery, and minimizing costs,
18 the Court, on its own motion, finds it appropriate to consolidate these actions for pretrial
19 purposes under Federal Rule of Civil Procedure 42(a).

20       Accordingly,

21       **IT IS HEREBY ORDERED GRANTING** TFS's Motion to Withdraw the Reference
22 of Adversary Proceeding 06-307 to the Bankruptcy Court. (Dkt. 2.)

23       **IT IS FURTHER ORDERED THAT REFERENCE IS WITHDRAWN** of TFS's
24 claim against Avocent, in Adversary No. 06-307 filed in Bankruptcy No. 05-15403-PHX-
25 RTV, for the limited purpose of conducting discovery that leads to an early dispute resolution
26 procedure only, with trial to proceed in the Bankruptcy Court.

1 **IT IS FURTHER ORDERED DENYING** TFS's Motion to Consolidate this action with TFS v. Topsearch, CV-06-1586-PHX-SMM, for all purposes without prejudice to TFS refiling this Motion at a later time. (Dkt. 2.)

**IT IS FURTHER ORDERED DENYING** TFS's Motion to Consolidate this action with TFS v. Topsearch, CV-06-1586-PHX-SMM, for pretrial proceedings alone on the grounds that the request fails to conform to LRCiv 42(a)(2).

**IT IS FURTHER ORDERED CONSOLIDATING** the present case with TFS v. Topsearch, CV-06-1586-PHX-SMM, for pretrial proceedings only. Under the facts of this case, Rule 42(a) of the Federal Rules of Civil Procedure, which allows the Court to order consolidation of actions on its own motion, supersedes LRCiv 42(a)(2), which requires a motion to consolidate to be filed in each case.

**IT IS FURTHER ORDERED** that the Clerk of Court shall amend the caption of TFS v. Topsearch, CV-06-1586-PHX-SMM, to properly depict Avocent Corporation as a defendant in that proceeding.

**IT IS FURTHER ORDERED** that all future filings relating to the instant case and TFS v. Topsearch shall be filed in CV-06-1586-PHX-SMM with a caption depicting TFS as "Plaintiff" and Topsearch and Avocent as separate "Defendants."

**IT IS FURTHER ORDERED** that consolidation as set forth herein does not change or enhance the procedural rights that TFS and Avocent asserted before consolidation.

**IT IS FURTHER ORDERED** that the Clerk provide a copy of this Order to the Honorable Redfield T. Baum, Sr., United States Bankruptcy Court for the District of Arizona.

DATED this 2nd day of February, 2007.

Stephen M. McNamee
United States District Judge