**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TFS Electronic Manufacturing Services, Inc. <br><br>       Debtor <br><br>———————————————— <br><br>TFS Electronic Manufacturing Services, Inc. <br><br>       Plaintiff <br>v <br>Topsearch Printed Circuits (HK), Ltd. <br><br>       Defendant | No. CV 06-1586-PHX-SMM <br>BK-05-15403-PHX-RTB <br><br>**ORDER** |

      Currently pending before the Court is the Motion to Enforce this Court's Orders filed by Avocent Corporation ("Avocent") (Dkt. 72). After careful consideration the Court rules the following.

      TFS commenced Adversary Proceeding No. 06-307 (the "Adversary Proceeding") by objecting to a proof of claim filed by Avocent in the bankruptcy. (Dkt. 2 at 2.) TFS asserted a counterclaim against Avocent and filed a third-party action against Topsearch Printed Circuits (HK), Ltd. ("Topsearch"). (Id.)

      The parties' dispute stems from a contract, entered into by TFS and Avocent, whereby TFS agreed to manufacture Avocent's product, the Blackhawk Assembly (the "Contract"). The Blackhawk contained a printed circuit board (the "PCB"), which Avocent designed. TFS ordered the PCBs from Topsearch, a PCB manufacturer. After thousands of Blackhawks were shipped worldwide, Avocent halted production by TFS after three Blackhawks failed during pre-shipment testing. Avocent subsequently required a total recall of all products. TFS

claims to have suffered significant damages as a result of, inter alia, the production halt and recall. (Dkt. 2.) TFS sued Avocent, alleging that its design was defective, and Topsearch, alleging that its manufacture of the PCBs was defective.

After suit was commenced, Topsearch demanded a jury trial and moved to withdraw the reference as to the claims against it alone. TFS stipulated to withdrawal of the reference as to Topsearch alone. On June 29, 2006, this Court entered an Order withdrawing the reference of TFS's claim against Topsearch only. *See TFS Electronic Manufacturing Services, Inc. v. Topsearch Printed Circuits (HK) Ltd.*, CV-06-1586-PHX-SMM ("TFS v. Topsearch")(Dkt. 8). Thereafter, Avocent and TFS agreed to resolve that disagreement by committing to mediation after limited discovery. Accordingly, they asked the Bankruptcy Court to abate the Adversary Proceeding pending such efforts. Topsearch also agreed to proceed with limited discovery and mediation. Pending such action, the Adversary Proceeding was effectively abated and the Bankruptcy Court took no further action in its administration.

On January 4, 2007, a preliminary pretrial conference was held in TFS v. Topsearch. There, counsel for both parties (counsel for TopSearch was not present) discussed the nature of the dispute among TFS, Avocent, and Topsearch and the possibility of settlement, including the facilitation of settlement discussions by a mediator or Magistrate Judge. In response to questions from the Court, TFS represented that withdrawal of the reference, which would bring Avocent, Topsearch and TFS into one single proceeding, would provide a mechanism for more efficient discovery and case administration, including early dispute resolution efforts.

Consequently, this Court found that "the efficient use of judicial resources, delay, costs to the parties, and the uniformity of bankruptcy administration all favor withdrawing the reference of the instant Adversary Proceeding to the Bankruptcy Court **for purposes of conducting discovery that leads to an early dispute resolution procedure**. (Dkt. 46). *See Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen &*

- 2 -

*Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997), *citing In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993)(Emphasis added).

The Court further stated, "because consolidating this matter and the TFS v. Topsearch case into one suit for the purposes of conducting discovery will benefit the Court and the parties by leading to an early dispute resolution procedure, avoiding duplication of discovery, and minimizing costs, the Court, on its own motion, finds it appropriate to consolidate these actions for pretrial purposes under Federal Rule of Civil Procedure 42(a)." (Dkt. 46)(Emphasis added). Finally, the Court concluded, "IT IS FURTHER ORDERED THAT REFERENCE IS WITHDRAWN of TFS's claim against Avocent, in Adversary No. 06-307 filed in Bankruptcy No. 05-15403-PHXRTV, **for the limited purpose of conducting discovery that leads to an early dispute resolution procedure only, with trial to proceed in the Bankruptcy Court**." (Id.)(Emphasis added).

Clearly, it was this Court's intention that the withdrawal remain in effect only as long as necessary to accomplish whatever discovery was necessary to achieve early dispute resolution procedure. The parties participated in mediation and resolution did not result. The Court finds that further discovery specific to the individual proceedings is critical to the fair and efficient resolution of the pending matters. Therefore, TFS's claim against Avocent shall be reinstated to the Bankruptcy Court. Accordingly,

**IT IS HEREBY ORDERED GRANTING** Avocent's Motion to Enforce this Court's Orders (Dkt. 72).

**IT IS FURTHER ORDERED** that TFS's claim against Avocent, in Adversary No. 06-307 filed in Bankruptcy No. 05-15403-PHXRTV, shall be reinstated to the Bankruptcy Court in order to move forward with further discovery and trial.

DATED this 2nd day of January, 2008.

Stephen M. McNamee
United States District Judge